IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

YOHAN CABRERA, and all others )
Similarly situated under 28 U.S.C. 216(b) )
                                                 )    CASE NO.: 1:14-cv-20716-UU
      Plaintiff, )
)
v. )
)
SPEED SERVICES, INC. and )
JOHN M. HERNANDEZ, )
)
      Defendants. )
_____)

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND FOR FAILURE TO STATE A CLAIM, OR IN THE
ATLERNATIVE, FOR SUMMARY JUDGMENT, WITH INCORPORATED
STATEMENT OF FACTS AND MEMORANDUM OF LAW**

Defendants, SPEED SERVICES, INC. and JOHN M. HERNANDEZ (hereafter collectively referred to as, "Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and 12(h)(3), hereby file their Motion to Dismiss Plaintiff's Complaint or, in the alternative, Request to Convert Motion to Dismiss into a Motion for Summary Judgment pursuant to Rule 56, file this Motion for Summary Judgment, and in support thereof, state as follows:

**PRELIMINARY STATEMENT**

On February 26, 2014, Plaintiff, Yohan Cabrera ("Plaintiff"), filed a one (1) count Complaint to recover money damages for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 (the "Complaint"). Plaintiff also claims to be seeking relief on behalf of certain unnamed individuals "similarly situated." However, Plaintiff did not comply with 29 U.S.C. §216(b) by filing a written consent form with the Court as is required to initiate an "opt in" collective action under the FLSA.

1

Plaintiff's former employer, Defendant, Speed Services, Inc. ("Speed Services"), is a small, local facility maintenance company. It does not have annual gross revenues exceeding $500,000. In addition, it does not have any employees, including Plaintiff, engaged in interstate commerce. As such, Speed Services is not an employer covered by the FLSA and plaintiff's claims are not covered by the FLSA. *Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d 1374 (S.D. Fla. 2009) ("*Williams*") is squarely on point. In *Williams*, this Court converted a motion to dismiss an FLSA claim into a motion for summary judgment because the defendant's contention in its motion to dismiss that the plaintiff's claims were not covered by the FLSA "implicated both the jurisdictional basis and a requisite element of the plaintiff's claim." *Id*. at 1376. In *Williams*, this Court ultimately granted summary judgment in favor of the defendant employer on the basis that the employer was not covered by the FLSA because it did not have employees engaged in interstate commerce and the plaintiff did not engage in commerce. Analogously, the Court should grant summary judgment in favor of Defendants here.

### STATEMENT OF MATERIAL UNDIPUTED FACTS[1]

1. Speed Services, is a local company that performs facility maintenance services exclusively within Florida. *See* Declaration of John M. Hernandez,[2] at ¶3.

2. Speed Services does not have annual gross revenues equal to or greater than $500,000. *Id* at ¶12.

3. All of Speed Service's business is conducted in Miami-Dade County, Florida. *Id.* at ¶3. Indeed, Speed Services does not produce any goods or provide any services outside of

---

[1] For ease of reference, Defendants' Statement of Material Undisputed Facts shall be referenced to hereinafter as "SOF, ¶ __" in the Memorandum of Law section of this Motion.

[2] A copy of the Declaration of John M. Hernandez is annexed hereto as Exhibit, "A."

Florida and does not otherwise engage in interstate commerce or employ any employees engaged in interstate commerce. *Id*. at ¶4.

4. In fact, Speed Service does not produce any goods at all given that it is strictly a service-oriented company. *Id.* at ¶5.

5. Speed Service's employees perform labor work in the field in maintenance-related activities and do not produce any materials or goods for use in interstate commerce. *Id*. at ¶6.

6. All of the various products and materials that Speed Services used and that may have been used by Plaintiff, and the other employees of Speed Services to carry out their services were purchased exclusively from local vendors, retailers, and/or distributors selling products in the local Miami-Dade County market. *Id*. at ¶9.

7. Plaintiff was employed by Speed Services as a commercial maintenance man on and off from 2010 to 2014. *Id*. at ¶8.

8. Plaintiff did not engage in any way in interstate commerce himself while employed by Speed Services. Plaintiff used products purchased locally at retail stores in Miami-Dade County, Florida. *Id*. at ¶9.

9. Indeed, Plaintiff's duties were limited to facility maintenance jobs in Miami-Dade County, Florida. *Id*. at ¶10.

10. In addition, Plaintiff never handled, produced, or purchased any products or supplies from any persons or entities located outside of the State of Florida. *Id*. at ¶11.

## MEMORANDUM OF LAW

I. The Legal Standards For Granting a Motion for Summary Judgment and Dismissal Under Rule 12(b)(1)

   A. Legal Standard for Establishing Subject Matter Jurisdiction

In order "[t]o establish jurisdiction for an overtime violation under the FLSA, the plaintiff employee must show either (i) that the employee was engaged in [interstate] commerce or in the production of goods for [interstate] commerce (*i.e.* individual coverage), or (ii) that the employer was engaged in [interstate] commerce or in the production of goods for [interstate] commerce (*i.e.* enterprise coverage). See 29 U.S.C. §207(a)(1)." *Williams*, 615 F.Supp.2d 1374, 1378. It is well settled that "the party invoking the Court's jurisdiction bears the burden of demonstrating that this matter falls within the Court's subject matter jurisdiction." *Makro Capital of Am., Inc. v. UBS AG*, 436 F. Supp. 2d, 1342, 1345 (S.D. Fla. 2006). In the instant matter, there is no dispute that Plaintiff cannot establish enterprise or individual coverage and, therefore, this Court lacks jurisdiction over his FLSA claim.

**B.     Standard of Review for Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.,* 680 F.2d 103, 104 (11th Cir. 1982). In reviewing a motion to dismiss, the courts are required to view the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano* & Hatch, 838 F. Supp. 572, 573 (M.D. Fla. 1993) (citing *Scheuer v. Rhodes,* 416 U.S. 232 (1974)).

However, only those allegations that are "well pleaded" need be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary,* 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations.

*Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims' Id. (citing *Blumel v. Mylander,* 919 F. Supp. 423, 425 (M.D. Fla. 1996)). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. The Court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party. *Campos v. I.N.S.,* 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners,* 859 F. Supp. 1489, 1492 (S.D. Fla. 1994); *Olpin v. Ideal Nat'l Ins. Co.,* 419 F.2d 1250, 1255 (10th Cir. 1969).

    **C.**    **Standard of Review on a Motion for Summary Judgment**

Summary judgment is appropriate under Fed. R. Civ. P. 56 when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (U.S. 1986). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (U.S. 1986). Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial" *Id.* at 324.

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the non-moving party. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998). The Court

5

must then decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

Normally, only the four corners of a plaintiff's complaint are taken as true. However, in the context of FLSA cases in which jurisdiction is being challenged and an affidavit from a manager or owner of the company is submitted, the court may convert a motion to dismiss into a motion for summary judgment and allow the parties to conduct limited discovery on the jurisdictional issues. Indeed, as noted above, this Court in *Williams* dismissed the plaintiff-employee's complaint based on the sworn declaration submitted by the defendant-employer in its motion to dismiss, which refuted Plaintiff's jurisdictional basis. *Williams*, 615 F.Supp2d 1374. Since Speed Services has submitted a sworn declaration challenging the jurisdictional basis of Plaintiff's claims, attached hereto as Exhibit "A," this Court should convert the instant motion into a motion for summary judgment.

    **B.**    **Plaintiff Cannot Establish Jurisdiction Under the FLSA Because Speed Services Does Not Employ Anyone Engaged in Interstate Commerce or in the Production of Goods for Interstate Commerce, and Plaintiff Was Not So Employed Himself.**

        **i.**    **Plaintiff Cannot Establish Enterprise Coverage**

"Enterprise coverage exits when the employer (1) has employees engaged in [interstate] commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on good or material that have been moved in or produced for commerce by any person; and (ii) has an annual gross volume of sale made or business done that is not less than $500,000." *Williams*, 615 F. Supp. 2d at 1378. "To satisfy the first prong, Plaintiff must demonstrate that, on a regular and recurrent basis, at least two of Defendants' employees engaged in [interstate] commerce or handled goods and material that have been moved in

[interstate] commerce." *Id*. "**Courts have repeatedly held that enterprise coverage does not extend to an employer because its employees handled goods that moved interstate at one point in time, so long as those goods came to rest before their employer's in state purchase.**" *Id*. at 1380. [emphasis added]. "The term 'goods'…does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor." *Id*. at Fn. 3.

Plaintiff cannot satisfy the first prong of enterprise coverage since Speed Services does not engage in interstate commerce. Indeed, Speed Services is a service company that conducts all of its business and work within the State of Florida and buys all of its products and supplies from retailers and distributors located within the State of Florida. *See* SOF, ¶¶3-10.

Notably, Plaintiff does not even plead any fact which would establish enterprise coverage. Plaintiff merely states as follows:

> Defendant's business activities involve those to which the Fair Labor Standard Act applies…Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same…Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

*See* Complaint, ¶¶10-11.

As demonstrated by *Williams*, Plaintiff's allegations that goods and materials used by Plaintiff's employees moved through interstate commerce at one point is insufficient to establish an FLSA claim. In order to state such a claim, Plaintiff must, but cannot, allege that the goods

and materials at issue were purchased from vendors, distributors or retailers outside of the State of Florida.

In addition, Plaintiff is also unable to satisfy the second prong necessary to establish enterprise coverage because Speed Services does not have annual gross revenues of at least $500,000. *See* SOF, ¶2. As such, Plaintiff cannot establish enterprise coverage as a matter of law.

### ii. Plaintiff Cannot Establish Individual Coverage As a Matter of Law

To establish individual coverage under the FLSA, the employee must "be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, or (ii) regularly using instrumentalities of interstate commerce in his work." *Williams*, 615 F.Supp.2d at 1382. An employee's use of goods are materials that travelled at one time in interstate commerce does not establish individual coverage. See *Junkin v. Emerald Lawn Maintenance & Landscaping, Inc*. 2005 WL 2862079, *1 (M.D. Fla. 2005) (holding that there was no individual coverage because "the Court is not persuaded that the mere act of transporting goods that previously found themselves in the flow of interstate commerce means that an employee 'engaged in commerce' and is thus subject to 'individual coverage' under the FLSA").

Plaintiff did not work for an instrumentality of interstate commerce. See *Martinez v. Palace*, 2011 WL 480014 *4 (defining instrumentality of interstate commerce to mean "transportation or communication industry employees."). In addition, Plaintiff did not purchase materials and goods from out of state vendors or otherwise use instrumentalities of interstate commerce in his work. *See* SOF, ¶¶5-10. Rather, Plaintiff's work was limited to activities in Florida. *Id*.

Notably, as demonstrated by Paragraphs 10-11 of the Complaint, cited above, Plaintiff has not even pled any fact that would establish individual coverage as Plaintiff has not alleged that he purchased materials and goods from out of state vendors in his work for Speed Services.

As such, Plaintiff cannot establish individual coverage and has not even properly pled individual coverage. Accordingly, since Plaintiff is unable to establish either enterprise or individual coverage, he does not have jurisdiction to bring the instant FLSA claim against Defendants.

### C. Defendant John M. Hernandez's Liability

Defendant, John M. Hernandez's ("Hernandez"), liability is based upon his status as the owner of Speed Services and, as such, is derivative to that of Speed Services. See *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986). Because Speed Services is not liable to Plaintiff, neither is Mr. Hernandez.

## II. Plaintiff Failed To File The Requisite Written Consents To Bring The Instant Lawsuit On Behalf Of Himself And "Others Similarly Situated"

Plaintiff brought this action under the collective action provision of the FLSA set forth in 29 U.S.C. §216(b), which permits individuals to bring suit on behalf of themselves and "other employees similarly situated." However this provision states as follows in pertinent part:

> No employee shall be a party plaintiff to any such action **unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

See 29 U.S.C. §216(b) [emphasis supplied].

This requirement applies not only to individuals who might opt-in to the action after its inception, but to the original named plaintiff(s) as well. *See e.g. Lago v. Amoa Construction & Development Corp.*, 2008 WL 4540062 (S.D. Fla. 2008). Plaintiff has filed to file a written consent to the Complaint and therefore Plaintiff has failed to meet the statutory requirement for

9

initiating a collective action under FLSA §216(b). This action should therefore be dismissed pending the filing of a written consent by the named Plaintiff as well as any other "opt-in" plaintiffs. Alternatively, Plaintiff may obviate the need to file written consents by withdrawing the collective action allegations and proceeding individually.

**WHEREFORE**, and for the foregoing reasons, Defendants SPEED SERVICES, INC. and JOHN M. HERNANDEZ respectfully request that this Honorable Court grant summary judgment in favor of Defendants on Count I of Plaintiff's Complaint or, in the alternative, dismiss Plaintiff's Complaint in its entirety.

Date: April 7, 2014                                  Respectfully submitted,

                                            **Hirzel & Dreyfuss, P.A.**
                                            Wells Fargo Center
                                            333 S.E. 2nd Avenue, Suite 2000
                                            Miami, Florida 33131
                                            Tel: (305) 615 – 1617

                                            By: __/s/ Leon F. Hirzel_____
                                                    Leon F. Hirzel
                                                    Florida Bar No. 85966
                                                    Leon.Hirzel@hirzel.dreyfuss.com
                                                    Andre L. Dreyfuss
                                                    Florida Bar No. 94868
                                                    Andre.dreyfuss@hirzeldreyfuss.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2014, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by Regular U.S. Mail for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

                                                       _/s/ Leon Hirzel__

## **SERVICE LIST**

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141.