IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

YOHAN CABRERA, and all others )
Similarly situated under 28 U.S.C. 216(b) )
                                                    )       CASE NO.: 1:14-cv-20716-UU
       Plaintiff, )
                                                    )
v. )
                                                    )
SPEED SERVICES, INC. and )
JOHN M. HERNANDEZ, )
                                                    )
       Defendants. )
_____)

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

       Defendants, SPEED SERVICES, INC. and JOHN M. HERNANDEZ (hereafter collectively referred to as, "Defendants"), by and through undersigned counsel, hereby file their Reply in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, or in the alternative, for Summary Judgment (the "Motion to Dismiss") and, in support thereof, state as follows:

**I.      DEFENANTS' MOTION TO DISMISS SHOULD BE GRANTED**

       In his Opposition to Defendants' Motion to Dismiss ("Opposition"), Plaintiff simply fails to respond to Defendants' arguments that Plaintiff has failed to plead any fact which would establish the existence of "enterprise" or "individual" coverage under the FLSA. Rather, in a conclusory fashion, Plaintiff merely states, "Defendants are on notice of the allegations and are able to frame an Answer." See Opposition, pg. 5.

       As fully described in Defendants' Motion to Dismiss, to state a claim for enterprise coverage or individual coverage it is necessary for Plaintiff to allege that Defendant Speed

1

Services, Inc.'s employees and/or Plaintiff engage in interstate commerce or handle goods that have moved through interstate commerce. *See* Motion to Dismiss, pg. 4-7. Significantly, it is insufficient to allege that goods and materials used by Speed Services, Inc.'s employees moved through interstate commerce at one time. *Id*. Rather, Plaintiff must allege that the goods and materials at issue were purchased from vendors, distributors or retailers outside the State of Florida.

> In its Complaint, Plaintiff alleges:
>
> Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same…Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

*See* Complaint, ¶¶10-11.

These allegations are insufficient because Plaintiff does not allege that Speed Services, Inc.'s employees handled goods and materials that were purchased outside the State of Florida. *Burge v. Kings Realty Group, LLC*, 2012 WL 4356815 (M.D. Fla. 2012) is instructive. The *Burge* Court granted a motion to dismiss an FLSA claim and stated, in pertinent part, as follows:

> The Complaint contains other factual shortcomings. For instance, the Complaint (1) lacks any description of Burge's duties as an employee (beyond the assertion that Burge "regularly was engaged in commerce or the production of goods for commerce"), and (2) fails to describe the general business of Defendants. Burge merely alleges in conclusory fashion that "Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § [§ ] 203(r) and (s) of the FLSA," and that "Defendants [have] annual gross volume of sales or business done of not less than $500,000 within the meaning of [s]ections 203(r) and (s) of the FLSA."…Burge's Complaint constitutes little more than a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. Specifically, because the Complaint fails to provide sufficient factual

support to properly allege either individual or enterprise coverage under the FLSA, the Court grants Defendants' Motion to Dismiss.

*Id*. at *3-4.

Analogously, Plaintiff has failed to describe even the general nature of Speed Services, Inc.'s business, much less Plaintiff's specific job duties, what goods and services were purchase by Plaintiff or Speed Services, Inc. from vendors outside the State of Florida, or what "instrumentalities of interstate commerce" were used by Plaintiff. Plaintiff's Complaint is merely a formulaic recitation of the elements of an FLSA claim filled with legal conclusions. Plaintiff must allege facts sufficient to give rise to enterprise or individual coverage, but has failed to do so. As such, Plaintiff has failed to state a claim for relief under the FLSA and Plaintiff's Complaint should be dismissed in its entirety.

Additionally, as described in the Motion to Dismiss, since Plaintiff brought this action as a collective action, this action should be dismissed pending the filing of a written consent by the named Plaintiff as well as any other "opt-in" plaintiffs as required by 29 U.S.C. §216(b). See *Lago v. Amoa Construction & Development Corp*., 2008 WL 4540062 at *3 (S.D. Fla. 2008) ("It is also clear that a written consent was required of the named plaintiff, as well as any other opt-in plaintiffs, if Plaintiff intended to pursue a collective action. Accordingly, the Court strikes all references in the pending complaint to opt-in status brought pursuant to 29 U.S.C. § 216(b) and the Complaint may proceed as an individual action. If the Plaintiff truly intended for this to be a collective, opt-in action brought pursuant 29 U.S.C. § 216(b), he may file an amended complaint and contemporaneously file the required written consent to commence the action.").

II.   **DEFENDANTS' MOTION TO DISMISS SHOULD BE CONVERTED INTO A MOTION FOR SUMMARY JUDGMENT**

In the event this Court does not dismiss Plaintiff's Complaint, this Court should convert Defendants' Motion to Dismiss into a motion for summary judgment. "Typically a court converts a motion to dismiss to a motion for summary judgment when the moving parties ask the court to resolve issues and consider evidence that are beyond the complaint. Federal Rule of Civil Procedure 12(b) gives a court discretion to treat a motion to dismiss for failure to state a claim as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. However, upon conversion of a motion to dismiss to a motion for summary judgment, 'notice must be given to each party that the status of the action is now changed, and they must be given a reasonable opportunity to present legal and factual material in support of or in opposition to the motion for summary judgment." *Bischoff v. Florida*, 242 F.Supp.2d 1226, 1231 (M.D. Fla. 2003). See also *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Defendants seek to convert their Motion to Dismiss into a Motion for Summary Judgment on the threshold issue of whether FLSA applies to Plaintiff's claims through either "enterprise" or "individual" coverage. The issue of whether the FLSA applies is dispositive to this case. If the FLSA does not apply, summary judgment must be entered in favor of Defendants on Plaintiff's one count complaint for violation of the FLSA.

Defendants maintain that, for a period of sixty days, the Court should allow Plaintiff and Defendants to conduct limited discovery on the threshold issue of whether the FLSA applies. This Court typically converts motions to dismiss an FLSA claim based on failure to state a claim into motions for summary judgment and allows the parties about thirty days to conduct discovery on whether the FLSA applies. See *Joseph v. Nichell's Carribean Cuisine, Inc.*, 862 F.Supp.2d 1309 (S.D. Fla. 2012); *Arilus v. Joseph A. Deimmanuele, Jr., Inc.*, 2010 WL 1490824 (S.D. Fla. 2010); *Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d 1374 (S.D. Fla. 2009); *Delisle v.*

*LGY Corp.*, 535 F.Supp.2d 1266 (S.D. Fla. 2008); *Guzman v. Irmadan, Inc.*, 2008 WL 926375 (S.D. Fla. 2008); *Lainez v. Francis Eng'g,* 2008 WL 3875406 (S.D. Fla. 2008).

For example, in *Williams*, the defendant requested for the Court to convert their motion to dismiss into a motion for summary judgment. At the time the motion to dismiss was filed, the parties were unable to conduct discovery because they had not yet had the joint scheduling conference mandated by Fed.R.Civ.P. 26. However, after the motion to dismiss was fully briefed and the parties conducted a joint scheduling conference, the *Williams* Court converted the motion to dismiss into a motion for summary judgment. The *Williams* Court permitted the parties to "engage in limited discovery related to the existence of enterprise coverage and individual coverage" for a period of thirty-eight days. See *Williams*, 615 F.Supp.2d 1374 (S.D. Fla. 2009) [DE 17]. The *Williams* Court also permitted the plaintiff to file another opposition to the converted summary judgment motion and permitted the defendants to file another reply. *Id*.

Plaintiff and Defendants have conducted the joint scheduling conference required by Fed.R.Civ.P. 26 and filed a joint scheduling report with the court, along with proposed scheduling orders. As such, this Court should permit the parties to engage in limited discovery and convert the Motion to Dismiss into a summary judgment motion.

Plaintiff argues that the issue of enterprise and individual coverage is not jurisdictional. Whether or not the issue of enterprise and individual coverage is jurisdictional is irrelevant. Indeed, the *Williams* Court recognized that the issue of enterprise and individual coverage implicated the elements of an FLSA claim. *Williams*, 615 F.Supp.2d 1374, 1377 (S.D. Fla. 2009). The point is that the issue of enterprise and individual coverage is a threshold issue that is dispositive to this case. As noted above, the Eleventh Circuit has considerable precedent in the Rule 12(b)(6) context that holds that a court should convert a motion to dismiss for failure to

state a claim into a motion for summary judgment where the subject of the motion is a threshold issue and the movant attaches evidence to the motion to dismiss. Defendants have moved for failure to state a claim on the issue of enterprise and individual coverage and attached evidence in support of their position that enterprise and individual coverage does not apply. In accordance with the abundance of precedent from this Court, this Court should convert the Motion to Dismiss into a summary judgment motion. Indeed, it makes sense to conduct discovery on the threshold issue of whether the FLSA even applies before unnecessarily expending resources on the rest of Plaintiff's allegations.

Date: April 21, 2014                                    Respectfully submitted,

**Hirzel & Dreyfuss, P.A.**
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2000
Miami, Florida 33131
Tel: (305) 615 – 1617

By: __/s/ Leon F. Hirzel_____
    Leon F. Hirzel
    Florida Bar No. 85966
    Leon.Hirzel@hirzel.dreyfuss.com
    Andre L. Dreyfuss
    Florida Bar No. 94868
    Andre.dreyfuss@hirzeldreyfuss.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2014, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by Regular U.S. Mail for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Leon Hirzel

## SERVICE LIST

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141.