**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No: 14-cv-20716-UU

YOJAN CABRERA,

Plaintiff,

v.

SPEED SERVICES, INC., and
JOHN M. HERNANDEZ,

Defendants.

_______________________________________/

# ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss and for Summary Judgment. D.E. 10.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed, and is ripe for determination.

## BACKGROUND

Plaintiff filed this suit on February 26, 2014, alleging that Defendants withheld certain overtime wages in violation of the Fair Labor Standards Act ("FLSA"). D.E. 1. In the Complaint, Plaintiff alleges that he worked for Defendant Speed Services, Inc. ("Speed Services") as a commercial maintenance worker, and that his work "affected interstate commerce ... because the materials and goods that Plaintiff used on a constant ... basis ... moved through interstate commerce prior to and/or subsequent to Plaintiff's use of [those materials and goods]." *Id.* at ¶¶ 9, 10. He also alleges that his work was otherwise "so closely related to the movement of

commerce ... that the [FLSA] applies ... ." *Id.* at ¶ 10.

The Complaint does not describe Speed Service's operations, but contains allegations that the company employed at least two persons "who handled goods or materials that travelled [sic] through interstate commerce, or [who] used instrumentalities of interstate commerce ... ." *Id.* at ¶ 11. Plaintiff also alleges that the company, owned and managed by Defendant John Hernandez, realized gross sales exceeding $500,000 in each of the past four years, and that its gross sales are expected to exceed $500,000 this year. *Id.* at ¶¶ 4, 12, 13.

Defendants now move to dismiss, and alternatively for summary judgment.

**MOTION TO DISMISS**

Failure to File Consent

Defendants argue that dismissal is warranted because Plaintiff has not filed a written consent to bring this action on behalf of similarly situated persons. The FLSA provides:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). This provision has been interpreted to apply to both named plaintiffs and opt-in plaintiffs. *See Lira v. Arrow Air, Inc.,* Case No 05-2373 (S.D. Fla. April 17, 2006); *Lago v. Amoa Const. & Dev. Corp.*, 08-20994-CIV, 2008 WL 4540062 (S.D. Fla. Oct. 10, 2008). But a plaintiff's failure to file such written consent means only that the suit cannot proceed as a collective FLSA action, and does not require dismissal. *See Lago v. Amoa Const. & Dev. Corp.*, 08-20994-CIV, 2008 WL 4540062 (S.D. Fla. Oct. 10, 2008); *see also Allen v. Atlantic Richfield Co.,* 724 F.2d 1131, 1135 (5th Cir.1984) (holding that an action brought by 22 individually

named plaintiffs who had not sought to represent others was not a collective action and, as such, no written consent requirement applied). Accordingly, Defendants' argument fails.

Failure to State a Claim

To succeed on a FLSA claim for withheld overtime wages, a plaintiff must prove either that: (1) the employee-plaintiff was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or (2) the employer-defendant was an enterprise engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). 29 U.S.C. § 207(a)(1). Defendants move to dismiss this action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and argue that neither individual coverage or enterprise coverage exist in this case as a matter of fact. But coverage under the FLSA is not a jurisdictional issue; it is merely an element of Plaintiff's claim. *See Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007); *Rodriguez v. Diego's Rest., Inc.*, 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009); *see also Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 882 n.5 (11th Cir. 2008). Accordingly, Defendants' motion to dismiss for lack of subject-matter jurisdiction will be denied. But Defendants also move for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to allege either individual coverage or enterprise coverage.

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint, along with any documents attached to the complaint or incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Factual allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). The Court does not view each fact in isolation, but rather considers the complaint in its

entirety. *Tellabs, Inc.*, 551 U.S. at 322. Conclusory allegations will not suffice to state a claim; the complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). This means that the factual content of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Or to put it differently, "[d]ismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards*, 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)).

______Applying this standard to Plaintiff's Complaint, the Court finds that Plaintiff fails to adequately plead individual coverage, but sufficiently pleads enterprise coverage.

*Individual Coverage*

To plead individual coverage, a plaintiff must allege that, during the course of his employment, he was "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). And an employee is "engaged in commerce" under the FLSA when he directly participates "in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir.2006).

Notwithstanding his bald assertion to the contrary, Plaintiff fails to adequately allege individual coverage. He neither alleges that he worked for an instrumentality of interstate commerce, nor that he ever used instrumentalities of interstate commerce while he worked.

Instead, he alleges that he continually used goods and materials that at one point passed through interstate commerce, which is insufficient. Plaintiff also alleges that his work for Defendants "was actually in and/or so closely related to the movement of commerce ... that the [FLSA] applies." But while the FLSA covers certain employees who perform work "directly essential to producers of commerce," Plaintiff's allegation falls woefully short of this standard, and furthermore is conclusory. Accordingly, Plaintiff fails to allege individual coverage.

*Enterprise Coverage*

To plead enterprise coverage, a plaintiff must allege that the employer was "an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). And an employer is an "enterprise engaged in commerce or in the production of goods for commerce" only if it: (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Here, Plaintiff satisfies both prongs. As to the first prong, Plaintiff alleges that at least two Speed Services employees use instrumentalities of interstate commerce, and he thereby sufficiently pleads that Speed Services employees are "engaged in commerce." *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir.2006) ("For an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by ... regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel."); 29 C.F.R. § 776.23 ("[E]mployees who regularly use instrumentalities of commerce,

such as the telephone, telegraph and mails for interstate communication are within the scope of the Act.”). And as to the second prong, Plaintiff alleges that Speed Services had annual gross sales in excess of $500,000 in each of the past four years, and that its gross sales are expected to exceed $500,000 this year. Accordingly, Plaintiff adequately pleads the existence of enterprise coverage.

**MOTION FOR SUMMARY JUDGMENT**

Defendants alternatively move for summary judgment under Federal Rule of Civil Procedure 56, and argue that there is no genuine dispute that neither individual coverage nor enterprise coverage exist as a matter of fact in this case. But the Court agrees with Plaintiff that it would be premature to grant summary judgment at this point in litigation, as Plaintiff has not yet had any opportunity to engage in discovery. Accordingly, Defendants’ motion for summary judgment will be denied as premature.

**CONCLUSION**

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendants’ Motion, (D.E. 10), is GRANTED IN PART and DENIED IN PART. Plaintiff is precluded from relying on individual coverage. The Motion is denied in all other respects. Further, Defendants SHALL file their Answers to Plaintiff’s Complaint by **Friday, May 2, 2014**. It is further

ORDERED AND ADJUDGED that Plaintiff shall in the future file motions and memoranda that are fully responsive to motions and legal arguments made by the defense or suffer the imposition of sanctions, including the striking of pleadings and the granting of motions by default. Plaintiff’s memorandum of law in response to the motions addressed by this Order was appallingly inadequate and insufficient.

DONE AND ORDERED in Chambers at Miami, Florida, this _24th_ day of April, 2014.

UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf