IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:14-cv-20716-UU-UNGARO/OTAZO-REYES

YOHAN CABRERA, and all others )
Similarly situated under 28 U.S.C. 216(b) )
                                                     )
      Plaintiff, )
                                                     )
v. )
                                                     )
SPEED SERVICES, INC. and )
JOHN M. HERNANDEZ, )
                                                   )
     Defendants. )
_____)

**DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES**

     Defendants, SPEED SERVICES, INC. and JOHN M. HERNANDEZ (hereafter collectively referred to as, "Defendants"), by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Defendants' Complaint as follows:

    1.    Denied.

    2.    Defendants are without knowledge regarding the allegations contained in Paragraph 2 and therefore deny same.

    3.    Denied.

    4.    Denied.

    5.    Denied.

    6.    Denied.

    7.    Denied.

    8.    Denied.

    9.    Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1

Defendants are not engaged in interstate commerce.

### Affirmative Defense No. 2

Defendants Speed Services, Inc. does not qualify as an employer under the Fair Labor Standards Act ("FLSA").

### Affirmative Defense No. 3

The named an opt-in Plaintiff's have failed to satisfy the statutory prerequisites to proceed collectively under U.S.C. Sec 216(b) and Plaintiff is not "similarly situated" to any other employees for purposes of Sec. 216(b) of the FLSA.

### Affirmative Defense No. 4

Defendants are entitled to offset any unpaid FLSA wages by compensation paid in excess of the hours actually worked by Plaintiff for Defendants.

### Affirmative Defense No. 5

At all relevant times, Defendants acted in good faith and had reasonable grounds for believing that their conduct was in compliance with the FLSA pursuant to 29 U.S.C. §260.

### Affirmative Defense No. 6

Defendants aver that Plaintiff's claims are barred by the "de-minimums" doctrine.

**Affirmative Defense No. 7**

Plaintiff was never an employee of the Defendants pursuant to the FLSA and Defendants are not covered by the FLSA

Date: May 4, 2014                              Respectfully submitted,

**Hirzel & Dreyfuss, P.A.**
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2000
Miami, Florida 33131
Tel: (305) 615 – 1617

By: __/s/ Leon F. Hirzel_____
    Leon F. Hirzel
    Florida Bar No. 85966
    Leon.Hirzel@hirzel.dreyfuss.com
    Andre L. Dreyfuss
    Florida Bar No. 94868
    Andre.dreyfuss@hirzeldreyfuss.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May, 2014, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by Regular U.S. Mail for those counsel who are not authorized to receive electronically Notices of Electronic Filing. I further certify that the foregoing document was served on May 2, 2014 by E-Mail on all cousel of record identified on the below Service List.

        /s/ Leon Hirzel

**SERVICE LIST**

J.H. Zidell, Esq.
Christopher Cochran, Esq.
Daniel T. Feld, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141.
Cnc02g@gmial.com
DanielFeld.Esq@gmail.com
Zabogado@aol.com