UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-20716-CIV-UNGARO

YOJAN CABRERA and all others similarly situated under 29 U.S.C. 216(B),

    Plaintiff,

vs.

SPEED SERVICES, INC.
JOHN M HERNANDEZ,

    Defendants.

### PLAINTIFF'S MOTION SEEKING LEAVE TO FILE AND SERVE FIRST AMENDED COMPLAINT *NUNC PRO TUNC*

Pursuant to Federal Rules of Civil Procedure Rule 15 and Southern Local Rule 15.1, Plaintiff requests entry of an order granting the above-described motion ("Motion for Leave to Amend"), and as grounds state:

1. In addition to the current Defendants, Plaintiff contends there is another corporation that held a joint enterprise relationship with Defendants, who concurrently supervised and controlled Plaintiff's work, and is thus Plaintiff's joint employer.

2. This company is SPEED CONSTRUCTION SERVICES, INC.

3. Plaintiff needs to amend the complaint to join SPEED CONSTRUCTION SERVICES, INC. and serve it in this matter.

4. The deadline to file amended pleadings and joinder of parties was June 6, 2014. [DE 18].

5. As such, Plaintiff must pursue the relief in this motion *nunc pro tunc*.

6. A copy of the First Amended Complaint Plaintiffs intend to file is attached.

### *MEMORANDUM OF LAW*

Pursuant to Fed. R. Civ. P. 15(a)(2), the court shall grant leave to amend freely when justice so requires. Pursuant to SDLR 15.1, Plaintiff herewith attaches the proposed First Amended Complaint. It would serve justice to be sure all potential claims are included and that are necessary parties are within a single litigation. To not allow leave to file the first amended complaint and to force Plaintiff to file a separate action would not serve the interests of justice and would only unnecessarily tax the Federal Courts' current case load and resources. Furthermore, the Court only entered its scheduling order last month, and the addition of the second Corporate Defendant would not inhibit the present deadlines.

"When a party seeks leave to amend his complaint *after* the deadline set forth in a scheduling order, however, under Rule 16(b), Fed.R.Civ.P., the party must demonstrate 'good cause' for why leave to amend the complaint should be granted." *Girad v. Aztec RV Resort, Inc.*, 2011 WL 7962612 at *2 (S.D.Fla Oct. 4, 2011), citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998); *Pugh v. Kobelco Const. Machinery America, LLC*, 413 F. App'x 134, 135 (11th Cir.2011) (citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir.2009)). "If a motion for leave to amend survives scrutiny under Rule 16, the Court may consider whether amendment is proper under Rule 15(a)." *Girad* at *2, citing *Sosa*, 133 F.3d at 1419. "The Eleventh Circuit has announced that the good cause standard "precludes modification [of a scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Girad* at *2, citing *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P 16 advisory committee's note); *Pugh*, 413 F. App'x at 135. "Put another way, if the party seeking the extension was not diligent, the good cause inquiry ends with a denial of the motion to amend." *Girad* at *2, citing *Sosa*, 133 F.3d at 1418–19.

Furthermore, "[g]ood cause exists when 'evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed.'" *Girad* at *3, citing *Donahay v. Palm Beach Tours & Transportation, Inc.*, 243 F.R.D. 687, 699 (S.D.Fla.2007). "[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Girad* at *3, citing *Donahay*, 243 F.R.D. 699.

While the amendment deadline has passed, the discovery phase of this matter is only in its infancy. Prior to the Court entering its Scheduling Order, the parties exchanged initial disclosures, and Defendants' disclosures did not mention the second company. The Court entered its Scheduling Order on May 7, 2014; as a result, any subsequent discovery request would only become due after the expiration of the amendment deadline. [DE 18]; Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3); see also Fed. R. Civ. P. 6(d), citing Fed. R. Civ. P. 5(b)(2)(E). As such, there is no way that the second company would have been discovered in the exercise of reasonable diligence until after the deadline had passed. *Girard* at *3. Since it is still early in the case, Plaintiff is using reasonable diligence to make sure there is ample time to amend, serve, and perform discovery as related to SPEED CONSTRUCTION SERVICES, INC.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant this Motion for Leave to File the First Amended Complaint and serve it upon SPEED CONSTRUCTION SERVICES, INC.

## CERTIFICATE OF CONFERRAL

On June 23, 2014 at 2:07 pm, the undersigned emailed both Leon Hirzel, IV, Esq. and Andre Dreyfuss, Esq. on the matters contained within. The undersigned did not receive a

response. On June 26, 2014, the undersigned called both counsel's office via telephone at 3:11 pm. The firm's secretary informed the undersigned that Mr. Dreyfuss had been out of town since Monday, and that Mr. Hirzel was in the office on June 25, but was now too out of town. The secretary did, however, confirm that both counsels had access to their firm emails. The undersigned sent a follow-up email at 3:17 pm. At 4:02 pm, Mr. Hirzel responded via email and confirmed that Mr. Dreyfuss was travelling outside the country and that Mr. Hirzel himself was in Omaha, NE until Sunday. Mr. Hirzel asked for the basis of the claim against SPEED CONSTRUCTION SERVICES, INC. and the undersigned responded via email at 4:13 pm. As of the time of filing, the undersigned has not received any further communication from Defense counsel.

**Respectfully submitted,**

**CHRISTOPHER COCHRAN, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: CNC02G@GMAIL.COM**
**F.B.N. 0084088**
**BY:__/s/_____Christopher Cochran_____**
**CHRISTOPHER COCHRAN, ESQ.**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 6/26/14 TO:**

**LEON FRANCISCO HIRZEL , IV
HIRZEL & DREYFUSS, P.A.
333 SE 2ND STREET, SUITE 2000
MIAMI, FL 33131
(305) 615-1617
FAX: (305) 615-1585
EMAIL: LEON.HIRZEL@HIRZELDREYFUSS.COM**

**BY:  /s/     Christopher Cochran              
CHRISTOPHER COCHRAN, ESQ.**