IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| YOHAN CABRERA, and all others Similarly situated under 28 U.S.C. 216(b) | ) ) ) |
| Plaintiff, | ) CASE NO.: 1:14-cv-20716-CIV-GAYLES ) ) |
| v. | ) ) |
| SPEED SERVICES, INC, SPEED CONSTRUCTION SERVICES, INC. JOHN M. HERNANDEZ, | ) ) ) ) |
| Defendants. _____ | ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BETER ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR <u>PRODUCTION OF DOCUMENTS</u>**

Defendants, SPEED SERVICES, INC. ("Speed Services") and JOHN M. HERNANDEZ ("Hernandez"), by and through undersigned counsel, hereby file their Opposition to Plaintiff's Motion to Compel Better Answers to Plaintiff's First Request for Production of Documents ("Motion to Compel") and, in support thereof, state as follows:

**BACKGROUND**

Plaintiff seeks an Order from this Court compelling Speed Services and Hernandez (collectively, "Defendants") to produce a litany of unnecessary documents on the grounds that they are relevant to the FLSA enterprise liability test. Essentially, Plaintiff argues that Speed Services' federal tax returns are not sufficient to establish Speed Services' yearly revenue for purposes of establishing enterprise liability and, in addition to the tax returns, Plaintiff is entitled to Speed Services' confidential financial documents, such as bank statements, deposit slips, cancelled checks, and credit card statements. *See* Plaintiff's Motion to Compel, pg. 6. Plaintiff's contention is entirely meritless and this Court should not grant Plaintiff's request to unfettered

1

pre-judgment discovery into Speed Services finances. Plaintiff has no basis to dispute the accuracy of Defendants' tax returns. In fact, Plaintiff has deposed Defendants' accountant, who testified that he did not rely on any summaries to prepare Speed Services tax returns, but rather reviewed Defendants' bank statements line by line.[1]

In addition, numerous documents requested by Plaintiff have absolutely no relevance to any issue in this case, such as cancelled checks. Further, Plaintiff's First Request for Production is directed to each Defendant, including Hernandez. Hernandez was never Plaintiff's employer and should not be required to produce his personal financial information. As such, and as more fully described below, Defendants' requests are irrelevant, unduly burdensome, overbroad, ambiguous and tantamount to a fishing expedition.

## SPECIFIC REQUESTS

Pursuant to Request Nos. 34[2], 40[3] and 41[4], Plaintiff seeks all bank statements reflecting deposits from and charges by any credit card company as well as all bank statements evidencing any deposits, in addition to any and all deposit slip/books reflecting deposits. As described above, Defendants have already agreed to produce their tax returns, which is enough for Plaintiff to verify Defendants' revenues. It would be unduly burdensome for Defendants to have to produce bank statements or any other documents in support of the figures set forth in their tax returns, especially as there is no basis to dispute the accurateness of Defendants' tax returns. Further, the bank statements themselves are overbroad as Defendants may certainly incur

---

[1] The deposition testimony of Speed Services' accountant has yet to be transcribed.

[2] Request No. 34 seeks, "[a]ny and all bank statements for the corporate Defendants reflecting deposits from and charges by Visa and MasterCard, or any other credit card company for 2010 through 2014."

[3] Request No. 40 seeks, "[a]ny and all bank statements for the corporate Defendants, evidencing deposits for 2010, 2011, 2012, 2013 and 2014."

[4] Request No. 41 seeks, "[a]ny and all deposit slip/books reflecting all deposits made by the corporate Defendants, for 2010, 2011, 2012, 2013 and 2014."

charges and make deposits that are totally irrelevant to any issue in this case, including Defendants' revenues and the source of the products purchased by Defendants. Plaintiff's request is clearly irrelevant, unduly burdensome and overbroad. Further, the requests are ambiguous as the phrase "corporate Defendants" is not defined in Plaintiff's First Request for Production of Documents. Moreover, Request No. 41 is vague as it does not indicate what deposits Plaintiff is referring to in the request.

Plaintiff's reliance on *Turcios v. Delicias Hispanas Corp.*, 275 Fed. Appx. 879 (11th Cir. 2008) is misplaced. Simply put, *Turcios* had no relevance to discovery issues. Rather, the Eleventh Circuit merely remanded the case to the District Court to determine whether FLSA coverage was established because the District Court erred in applying a 12(b)(1) standard when dismissing the case due to a lack of enterprise coverage. While the *Turcios* Court suggested that the tax returns at issue may been inaccurate, this was because there were many facts in the record, including significant admissions by the defendants, indicating that the tax returns were inaccurate. Here, as described above, there is absolutely no basis to dispute the accurateness of Defendants' tax returns.

Request No. 38[5] is, as an initial matter, ambiguous. The request does not even indicate what document contains "paragraph 42." And a review of Plaintiff's Complaint, the operative pleading at the time Plaintiff served its documents request, reflects that there are only 15 paragraphs of that pleading. Defendants are left to guess as to what Request No. 38 refers to. To the extent Plaintiff seeks the requested documents in order to establish Defendants' revenues, Defendants have already agreed to produce their tax returns, as described above. And, Plaintiff's argument that the requested documents would shed light on "where the products Plaintiff and

---

[5]  Request No. 38 seeks, "[a]ny and all canceled checks, credit card statements, or documents of any kind evidencing payment for the purchase or acquisition of any items referenced in paragraph 42."

other employees used or sold were manufactured or originated" is also a red herring. Indeed, Plaintiff's request for cancelled checks is simply not relevant to any product used or sold by Plaintiff or Defendants as it is obvious that no product would be purchased with a check that was cancelled. Further, Plaintiff's First Request for Production of Documents is directed to "each Defendant." See page 1 of Plaintiff's First Request for Production of Documents. There is absolutely no basis for Defendant John Hernandez to produce any cancelled checks, credit card statements, or documents evidencing payment for the purchase or acquisition of any items. John Hernandez was never Plaintiff's employer and he should not be required to produce his personal financial information. As such, Plaintiff's request is clearly ambiguous, irrelevant, unduly burdensome and overbroad.

Finally, Request 45[6] and Request No. 46[7] are ambiguous, irrelevant, unduly burdensome and overbroad for the reasons stated above. Namely, Defendants have already agreed to produce their tax returns and the requested documents clearly include irrelevant information as Defendants may certainly incur charges and make payments that are unrelated to any issue in this case. Further, Plaintiff's requests are directed to both Defendant Speed Services, Inc. and Defendant John Hernandez. Again, John Hernandez was not Plaintiff's employer and he should not be required to produce his personal financial information. Finally, Plaintiff's request for "cancelled checks" in Request No. 46 is of no relevance to any issue in this case. As described above, it is obvious that no product would be purchased with a check that was cancelled.

As such, Plaintiff's Motion to Compel should be denied.

---

[6]    Request No. 45 seeks, "[a]ny and all correspondence, electronic transmissions, statements, or documents of any kind, reflecting charges to Defendants, from Visa, MasterCard, or any other credit card used for the years 2010, 2011, 2012, 2013 and 2014."

[7]    Request No. 46 seeks, "[a]ny and all documents, canceled checks, or electronic transmissions evidencing payments to Visa, MasterCard or any other credit card company for the years 2010, 2011, 2012, 2013 and 2014."

Date: September 22, 2014                    Respectfully submitted,

**Hirzel & Dreyfuss, P.A.**
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2000
Miami, Florida 33131
Tel: (305) 615 – 1617

By:  /s/ Andre Dreyfuss
         Leon F. Hirzel
         Florida Bar No. 85966
         Leon.Hirzel@hirzel.dreyfuss.com
         Andre L. Dreyfuss
         Florida Bar No. 94868
         Andre.dreyfuss@hirzeldreyfuss.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2014, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by Regular U.S. Mail for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Andre Dreyfuss

### SERVICE LIST

J.H. Zidell, Esq.
Daniel Feld, Esq.
Christopher Cochran, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141