IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| YOHAN CABRERA, and all others Similarly situated under 28 U.S.C. 216(b) | ) ) ) |
| Plaintiff, | ) CASE NO.: 1:14-cv-20716-UU ) ) |
| v. | ) ) |
| SPEED SERVICES, INC., SPEED CONSTRUCTION SERVICES, INC., and JOHN M. HERNANDEZ, | ) ) ) ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants Speed Services, Inc., Speed Construction Services, Inc. and John M. Hernandez (collectively hereafter referred to as, "Defendants"), by and through undersigned counsel and pursuant to Local Rule 56.1 and Fed. R. Civ. P. 56, hereby file their Opposition to Plaintiff's Motion for Partial Summary Judgment and, in support thereof, state as follows:

### Introduction

In its Motion for Partial Summary Judgment, Plaintiff contends that this Court should enter an Order finding that jurisdiction exists under the Fair Labor Standards Act ("FLSA"). Plaintiff's Motion for Partial Summary Judgment should be denied because there exists a genuine issue of material fact as to whether jurisdiction exists under the FLSA. In short, the only evidence Plaintiff proffers in support of its contention that jurisdiction exists is a conclusory, self-serving affidavit containing conclusions of ultimate fact. The case law clearly provides that such affidavits are insufficient to sustain the movant's burden on a summary judgment motion to demonstrate the

absence of a genuine issue of material fact. Further, Defendants dispute that jurisdiction exists under the FLSA.

## Standard of Review

Summary judgment is appropriate under Fed.R.Civ.P. 56 when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (U.S. 1986). When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the non-moving party. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact to be decided at trial. However, "mere statements of conclusions of law or ultimate fact cannot shift the summary judgment burden to the nonmovant." *Galino v. Precision American Corp.*, 754 F.2d 1212 (Tex. 1985). *See also Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209 (11th Cir. 1999); *U.S. v. One Single Family Residence Located at 2901 S.W. 118th Court, Miami, Fla.,* 683 F.Supp. 783, 789 (S.D. Fla. 1988); *Michigan Paytel, Inc. v. Voiceware Systems, Inc.*, 2007 WL 3283172 *3 (S.D. Fla. 2007) ("Affidavits alone usually do not provide a good enough basis for deciding contested factual issues at the summary judgment stage."); *Harris v. Nicholson*, 2008 WL 4332103 (E.D. Mo. 2008) ("The court considers only admissible evidence and disregards portions of affidavits and depositions that were made without personal knowledge, consisted of hearsay, or purported to state legal conclusions as fact.").

## Argument

In its Motion for Summary Judgment, Plaintiff contends that this Court has jurisdiction

under the FLSA. "Employees are covered under the FLSA in one of two instances: individual coverage or enterprise coverage. Individual coverage lies where the employee is engaged in commerce or the production of goods for commerce. 29 U.S.C. § 207(a)(1). Enterprise coverage lies where the employee works for an enterprise engaged in commerce or in the production of goods for commerce. *Id.*" *Josendis v. Wall to Wall Residence Repairs, Inc*., 606 F.Supp.2d 1376 (S.D. Fla. 2009).

To establish individual coverage under the FLSA, the employee must "be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, or (ii) regularly using instrumentalities of interstate commerce in his work." *Williams*, 615 F.Supp.2d 1374, 1382. For example, in *Pino v. Painted to Perfection Corp*., 563 Fed.Appx. 764 (11th Cir. 2014) the employee worked on and painted boats that moved through interstate commerce. The *Pino* Court stated, "There is no dispute that Pino never traveled outside Florida to work on any boats…Moreover, the fact that the boats at some point moved in interstate commerce is also insufficient. Instead, Pino must show that he "directly participated in the actual movement of persons or things in interstate commerce." *Id.* at 766. Plaintiff does not argue that he is entitled to individual coverage in its Motion for Partial Summary Judgment, and has not submitted any fact in its Statement of Material Facts in Support of Motion for Partial Summary Judgment (Plaintiff's "Statement of Facts") that indicate Plaintiff directly participated in the actual movement of persons or things in interstate commerce. Rather, Plaintiff focuses solely on enterprise coverage, as described below. As such, it is clear that Plaintiff is not entitled to summary judgment in as much as individual coverage is inapplicable here.

"Enterprise coverage exits when the employer (1) has employees engaged in [interstate] commerce or in the production of goods for commerce, or has employees handling, selling, or

otherwise working on goods or material that have been moved in or produced for commerce by any person; and (ii) has an annual gross volume of sale made or business done that is not less than $500,000." *Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d 1374, 1378 (S.D. Fla. 2009). "To satisfy the first prong, Plaintiff must demonstrate that, on a regular and recurrent basis, at least two of Defendants' employees engaged in [interstate] commerce or handled goods and material that have been moved in [interstate] commerce. *Id*. Plaintiff contends that enterprise coverage applies here because, according to Plaintiff, Defendants' employees "regularly would use products that originated or were manufactured outside the state of Florida such as: sheet rock from Chicago, IL; durock also from Chicago, IL; and interior and exterior semi-gloss from Santa Ana, CA." See Plaintiff's Statement of Material Facts, ¶1; Motion for Summary Judgment pg. 4. Defendants dispute this assertion in their Response to Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment. Significantly, in support of Plaintiff's assertion that that Defendants' employees used sheet rock and durock from Chicago, IL and interior and exterior semi-gloss from Santa Ana, CA., Plaintiff relies only on his conclusory, self-serving affidavit which states as follows:

> On a regular and recurring basis, I and my fellow employees used product that originated or were manufactured from outside the State of Florida such as: sheet rock from Chicago, IL; concrete mix from California; durock also from Chicago, IL; and interior and exterior semi-gloss from Santa Ana, CA.

Plaintiff's Motion for Summary Judgment should be denied because the statements in his affidavit upon which he relies to satisfy his burden of proving the nonexistence of an issue of material fact as to FLSA jurisdiction constitutes nothing more than a conclusion of ultimate fact and law. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209 (11th Cir. 1999) ("The Struth Affidavit's conclusory assertions of ultimate fact are insufficient to shift to the Plaintiffs the burden of producing evidence supporting jurisdiction."); *Benton-Volvo-Metairie, Inc. v. Volvo Southwest,*

*Inc.,* 479 F.2d 135, 138–39 (5th Cir.1973) (nonmovant survives motion for summary judgment, without countering movant's showing, where movant's affidavit "set forth only ultimate facts or conclusions"); *U.S. v. One Single Family Residence Located at 2901 S.W. 118th Court, Miami, Fla.,* 683 F.Supp. 783, 789 (S.D. Fla. 1988) ("Miller's conclusory statement is completely insufficient to support the claimant's burden on summary judgment."); *See Land Development Services, Inc. v. Gulf View Townhomes, LLC*, 75 So.3d 865 (Fla. 2nd DCA 2011) ("Gulf View's bare assertion that it was 'not indebted' to Land Development—without any supporting facts or documents that would explain or negate Land Development's claim of indebtedness under the note—was nothing more than a factual conclusion that could not support entry of summary judgment."); *Lee–Booth, Inc. v. Fid. & Deposit Co. of Md.,* 399 So.2d 531, 532 (Fla. 2d DCA 1981) (providing that statements of ultimate fact will not "justify entry of summary judgment."); *Buzzi v. Quality Serv. Station, Inc.,* 921 So.2d 14, 15 (Fla. 3d DCA 2006) (noting that "an affidavit in support of summary judgment may not be based upon factual conclusions or conclusions of law."); *Testa v. Pfaff*, 464 So.2d 220 (Fla. 1st DCA 1985) ("The affidavits filed are insufficient since they are based on ultimate facts or factual conclusions and are without statement of the underlying facts which give rise to such conclusions."); *Jones Const. Co. of Central Florida, Inc. v. Florida Workers' Compensation Jua, Inc*. 793 So.2d 978 (Fla. 2nd DCA 2001) ("Because the affidavit contains only conclusory statements of ultimate fact, it is insufficient to sustain the movant's burden of demonstrating the absence of any genuine issue of material fact.")

In *Testa v. Pfaff*, 464 So.2d 220 (Fla. 1st DCA 1985) that Court stated that "ultimate facts," as defined in Black's Law Dictionary, are "Facts necessary and essential for a decision by a court. Those facts which it is expected evidence will support. Those facts found in that vaguely defined field lying between evidential facts on the one side and the primary issue or conclusion of law on

the other, being but the logical results of the proofs or in other words mere conclusions of fact. The final or resulting fact reached by processes of logical reasoning from the detached or successive facts in evidence, and which is fundamental and determinative of the whole case.").

Plaintiffs' statements concerning the origin of products in his affidavit clearly consist of nothing more than conclusions of law and ultimate fact. For example, Plaintiff does not identify any actual facts or evidence that supports his contention that he regularly used the products at issue "on a regular and recurring basis." Indeed, Plaintiff does even identify any facts allowing the Court to determine that actual frequency with which he purportedly used the products. Further, Plaintiff does not submit any invoices or even identify or otherwise submit any facts as to the company that manufactured the products, the location of the manufacturing facilities of the company, the brand of the products or where the products were purchased. In short, Plaintiff's affidavit does not contain any facts that would enable this Court to draw the conclusion that the products at issue were, indeed, manufactured outside the State of Florida. Rather, Plaintiff simply contends that the products were manufactured outside of the State of Florida. This is clearly insufficient to meet the summary judgment burden.

Notably, in *Galdames v. N & D Investment Corp.*, 2008 WL 4372889 (S.D. Fla. 2008), the principal case relied upon by Plaintiff (see Motion for Summary Judgment, pg. 2-3), it was undisputed that the employees used products that were manufactured outside the state of Florida. *See Galdames* 2008 WL 4372889 at *4 ("There is no dispute that the manufacturer was located in New Jersey."). In addition, there was a plethora of evidence such as invoices to support the movant's contention in Galdames that the products at issue were manufactured outside the State of Florida. As such, *Galdames* is of no support to Plaintiff since Defendants do dispute that their employees used products that were manufactured outside of Florida and Plaintiff has not submitted

any proper evidence in support of his contentions. At a minimum, Defendants should be entitled to attack Plaintiff's veracity at trial in order to demonstrate that Plaintiff's statements regarding the origin of products are false.

WHEREFORE, Defendants, SPEED SERVICES, INC., SPEED CONSTRUCTION SERVICES, INC. and JOHN M. HERNANDEZ, respectfully request that this Honorable Court enter an Order denying Plaintiff's Motion for Partial Summary Judgment.

Date: December 22, 2014                               Respectfully submitted,

                                                 **Hirzel & Dreyfuss, P.A.**
                                                 Wells Fargo Center
                                                 333 S.E. 2nd Avenue, Suite 2000
                                                 Miami, Florida 33131
                                                 Tel: (305) 615 – 1617

                                               By: __/s/ Leon F. Hirzel_____
                                                     Leon F. Hirzel
                                                     Florida Bar No. 85966
                                                     Leon.Hirzel@hirzel.dreyfuss.com
                                                     Andre L. Dreyfuss
                                                     Florida Bar No. 94868
                                                     Andre.dreyfuss@hirzeldreyfuss.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2014, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by Regular U.S. Mail for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

   /s/ Leon Hirzel

## SERVICE LIST

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141.