UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-20716-CIV-GAYLES/TURNOFF

<u>CONSENT CASE</u>

YOJAN CABRERA *and all others similarly
situated under 29 U.S.C. 216(B)* )
)
)
        Plaintiff )
  vs. )
)
SPEED SERVICES, INC. )
SPEED CONSTRUCTION SERVICES, INC. )
JOHN M. HERNANDEZ )
)
        Defendants )
_____

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Comes Now Plaintiff, by and through undersigned counsel, and hereby files Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment and in support thereof states as follows:

1. Plaintiff sought summary judgment on five distinct issues: (1) The Defendant Corporations were a covered enterprise under the FLSA; (2) Speed Services, Inc. and Speed Construction Services, Inc. were a joint enterprise under the FLSA; (3) Speed Services, Inc. and Speed Construction Services, Inc. were Plaintiff's joint employer under the FLSA; (4) Plaintiff was an employee and not an independent contractor; and (5) John M. Hernandez was Plaintiff's employer under the FLSA.

2. Defendants only contest one issue, whether Defendants had two or more employees who on a regular basis handled materials that had at one point in time moved in interstate commerce. Defendants fail to offer an affidavit, deposition testimony or cite to any

**1** of **5**

portion of the record that would support their position that the materials used by Plaintiff and other employees did not travel in interstate commerce. Instead, Defendants take the position that Plaintiff cannot rely on an affidavit in order to prevail on summary judgment. Said position is contrary to Fed. R. Civ. P. 56 (c)(1) states that "[s]upporting Factual Positions*.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:"

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, **affidavits or declarations,** stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

The specific language of Fed. R. Civ. P. 56 (c)(1)(A) allows a party to use an affidavit in support of a parties motion for summary judgment.

3. Next, Defendants attempt to confuse the interstate requirement for individual coverage with the interstate requirement for enterprise coverage. Said issue was specifically dealt with in the seminal case of *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010) whereby the Eleventh Circuit expressly explained the handling clause, "stating that we imagine that, where a restaurant uses interstate cooking equipment as an article to perform its commercial activity of serving food, the restaurant is engaged with "materials" that will subject the business to FLSA coverage." Id at 1225. Therefore, pursuant to Eleventh Circuits interpretation of the handling clause in *Polycarpe v. E & S Landscaping Serv.*, the material used by Plaintiff and other employees (i.e. sheet rock from Chicago, IL; concrete mix from California; durock from Chicago, IL; and interior

and exterior semi-gloss from Santa Ana, CA) had travelled through interstate commerce thereby subjecting Defendant corporations to enterprise coverage under the FLSA.

4. As noted above, Defendants have failed to produce an iota of evidence that would contradict Plaintiff's assertions that the materials used by Plaintiff and the other employees originated from outside the State of Florida. In fact, Defendants had plenty of opportunities to testify on these issues, but couldn't be bothered to look as to where said materials originated from [Hernandez Depo. P. 60, L 1-10]. That is perhaps why Defendants failed to produce any evidence at all to rebut Plaintiff's testimony.

5. Therefore, because Plaintiff has sufficiently supported his assertion, while Defendants offer little more than unsupported speculation to rebut it, the Court should find that there are no disputed material facts as to the handling issue. *See, e.g.*, *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("[U]nsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.") (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir. 1995)); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that a party must "do more than simply show that there is some metaphysical doubt as to the material facts"); *see also* Advisory Committee Note to 1963 Amendment of FED. R. CIV. P. 56(e) (noting that the purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial").

6. Lastly, in challenging Plaintiff's affidavit, Defendants cite to <u>Posner v. Essex Ins. Co.</u>, 178 F.3d 1209 (11th Cir. 1999). However, Posner is distinguishable from the facts in the

present case. In Posner, the affidavit cited to issues of law, such as stating the requirements of the long arm statute, "[f]or example, paragraph five covers three-quarters of a page and contends, by reciting the long-arm statute essentially verbatim, that the jurisdictional statute does not apply to Salem. Such statements, although presented in the form of factual declarations, are in substance legal conclusions that do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction." Id at 1215. Likewise, the case of *Benton-Volvo-Metairie, Inc. v. Volvo Sw., Inc.*, 479 F.2d 135 (5th Cir. 1973) is likewise distinguishable as the affidavit in that case was simply a restatement of the denials and counter charges in their answer and contained no new information. Id at 139. In the present case, Plaintiff is not citing to a statute or regurgitating the elements of enterprise coverage. Rather, Plaintiff is providing the Court with facts, based on personal knowledge, as to where the materials used by Defendants employees originated from.

Wherefore, as Defendants have not provided the Court with any evidence to rebut Plaintiff's Motion for Summary Judgment, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Summary Judgment in its entirety.

        Respectfully Submitted,
        Daniel T. Feld, Esq.
        J.H. Zidell, P.A.
        Attorney for Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865 – 7167
        Email: DanielFeld.Esq@gmail.com

        By:__/s/ Daniel T. Feld _____
           Daniel T. Feld, Esq.
           Florida Bar Number: 0037013

## **CERTIFICATE OF SERVICE:**

     I hereby certify that a true and correct copy of Plaintiff's Reply was served via CM/ECF to Leon F. Hirzel, Esq., 333, S.E. 2nd Avenue, Suite 2000, Miami, Florida 33131, email: Leon.Hirzel@hirzel.dreyfuss.com and to Andre Louis Dreyfuss, Esq., Hirzel & Dreyfuss, PA 333 SE 2nd Ave, Suite 2700, Miami, FL 33131, Email: andre.dreyfuss@hirzeldreyfuss.com on this 6th day of January 2015.

                                        Daniel T. Feld, Esq.
                                        J.H. Zidell, P.A.
                                        Attorney for Plaintiff
                                        300 71st Street, Suite 605
                                        Miami Beach, Florida 33141
                                        Tel: (305) 865-6766
                                        Fax: (305) 865 – 7167
                                        Email: DanielFeld.Esq@gmail.com

                                        By:__/s/ Daniel T. Feld _____
                                            Daniel T. Feld, Esq.
                                            Florida Bar Number: 0037013