UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-20716-CIV-TURNOFF

**[CONSENT CASE]**

YOJAN CABRERA *and all others similarly situated under 29 U.S.C. 216(b)*,

   Plaintiff,

vs.

SPEED SERVICES, INC.
SPEED CONSTRUCTION SERVICES, INC.
JOHN M HERNANDEZ,

   Defendants.
_____

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME NUNC PRO TUNC TO FILE REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW** Plaintiff, by and through undersigned Counsel, and hereby requests an entry of an order granting the above-described motion ("Motion for Extension of Time") pursuant to the Fed. R. Civ. P. 6(b)(1)(B) and S.D. Fla. L.R. 7.1, and in support thereof, states as follows:

1. On December 2, 2014, Plaintiff filed a Motion for Partial Summary Judgment [D.E. 57]. On December 22, 2014, Defendants filed a Response in opposition of the motion [D.E. 62]. Plaintiff was ordered by the Court to file a Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment ("Reply") by January 2, 2015.

2. Plaintiff's counsel inadvertently failed to correctly calendar said deadline, due, in part, to the recent Motion to Withdraw filed by Plaintiff's lead attorney, Christopher Nathaniel Cochran, on December 24, 2014 [D.E. 65]. Plaintiff's counsel missed the filing deadline for the Reply, and filed said Reply on January 6, 2015.

3. Plaintiffs' counsel humbly apologizes to the Court for the failure to meet the filing deadline mentioned above, and has worked in good faith to remedy the mistake by filing Plaintiff's Reply on January 6, 2015. Plaintiff hereby requests an extension of time *nunc pro tunc* through January 6, 2015 for the filing deadline of Plaintiff's Reply.

## Memorandum of Law

Federal Rule of Civil Procedure 6(b)(1)(B) states that an extension of time can be granted by the Court "on motion made after the time has expired if the party failed to act because of excusable neglect." The United States Supreme Court, in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, explained that "excusable neglect" was meant by Congress to encompass "inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control," and that courts can accept late filings due to "excusable neglect." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 113 S.Ct. 1489, 1495 (1993). According to *Pioneer*, the Courts of Appeals generally interpret "excusable neglect" in Rule 6(b) to include "inadvertent delays." *Id.*.

Expanding on the *Pioneer* decision, the Eleventh Circuit Court, in *Cheney v. Anchor Glass Container Corporation*, explained that the Supreme Court's standard of "excusable neglect" also applies under Rule 60(b) when a party fails to timely demand a trial *de novo*. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849 (11th Cir. 1996). Courts may decide to excuse a party's neglect of a deadline after considering all relevant factors involved in the omission, and listed the factors to consider as laid out in *Pioneer*, including, "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable

control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (quoting *Pioneer* at 1498).

In the case at hand, Defendants will not be prejudiced by said delay, as Plaintiff submitted his Reply to Defendant's Response in opposition of Plaintiff's Motion for Partial Summary Judgment on January 6, 2015. The delay will cause virtually no impact on judicial proceedings. The delay was not caused by any bad intention and Plaintiff's counsel worked to remedy the proceedings in good faith, and has acted in good faith throughout these proceedings. Furthermore, the delay was due to an inadvertent oversight. In light of all relevant circumstances surrounding the oversight, Plaintiff's delay should be considered "excusable neglect."

Plaintiff therefore respectfully requests that the Court grant Plaintiff an extension of time *nunc pro tunc* and extend Plaintiff's filing deadline for his Reply to Defendant's Response in opposition of Plaintiff's Motion for Partial Summary Judgment.

### Certificate of Good Faith Conferral:

Plaintiff's Counsel attempted to confer with Defendants' counsel via email on January 5, 2015, but has not received any response as of the filing of this motion.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell ____
J.H. Zidell, Esq.
 Florida Bar No.: 10121

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Extension of Time was sent via CM/ECF to Leon Francisco Hirzel, IV, and Andre Louis Dreyfuss, at Hirzel & Dreyfuss, P.A., 333 SE 2nd Street, Suite 2000, Miami, Florida 33131, Fax: (239) 213-5449, Email: leon.hirzel@hirzeldreyfuss.com, andre.dreyfuss@hirzeldreyfuss.com, on this 7th day of January, 2015.

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167

        By:__/s/ J.H. Zidell  ____
           J.H. Zidell, Esq.
           Florida Bar No.: 10121

1.