UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-CV-20716-TURNOFF

YOJAN CABRERA, and all others
similarly situated under 29 U.S.C.
§ 216(B),

    CONSENT

  Plaintiff(s),

vs.

SPEED SERVICES, INC.,
SPEED CONSTRUCTION SERVICES, INC.,
and JOHN M. HERNANDEZ,

  Defendants.
_____/

### ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Partial Summary Judgment. (ECF No. 57). A hearing on this matter was held before the undersigned on January 23, 2015. (ECF No. 75). Upon review of the written and oral arguments, the record, and the applicable law, the undersigned granted in part and denied in part the partial summary judgment motion for the reasons stated in open court, which are incorporated herein by reference.

### Background

On February 26, 2014, Plaintiff Yojan Cabrera, a commercial maintenance worker, brought a complaint against Defendants Speed Services, Inc., Speed Construction Services, Inc., and John M. Hernandez, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (2012) ("FLSA"), and Article X, Section 24, of the Florida Constitution, to recover unpaid overtime wages. (ECF No. 1).

Plaintiffs filed the instant partial summary judgment motion claiming that no genuine issue of material fact existed with respect to the following issues: (1) the corporate Defendants were a covered enterprise under the FLSA; (2) Defendant Speed Services, Inc. and Speed Construction Services, Inc. were a joint enterprise under the FLSA; (3) Speed Services, Inc. and Speed Construction Services, Inc. were Plaintiff's joint employer under the FLSA; (4) Plaintiff was an employee and not an independent contractor; and (5) Defendant John M. Hernandez was Plaintiff's employer under the FLSA. (ECF No. 57).

## Summary Judgment Standard

The entry of summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact is on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the moving party supports its motion with affidavits or other evidence, the party opposing the motion must provide evidence setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is not proper "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590, 594 (11th Cir. 1995). At the summary judgment stage, a court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## Discussion

The court's function in a summary judgment proceeding is to determine whether there exists a genuine issue of material fact. At the hearing, Defendants stated that they had previously conceded that issues 2 through 5 were not in dispute. In this connection, the record shows that Defendants did not contradict the material facts asserted by Plaintiff in support of summary judgment. As such, the motion for summary judgment was granted regarding issues 2 through 5.

The only issue that Defendants disputed was enterprise coverage under the FLSA. Defendants argued that the only evidence provided by Plaintiff in support of jurisdiction was a conclusory, self-serving affidavit setting forth that Plaintiff had personal knowledge of the out-of-state origin of the materials that he and the other employees used in the course of their employment with Defendants. Plaintiff argued that he could properly rely upon an affidavit in summary judgment and that Defendants had provided no evidence to contradict that the materials used by Plaintiff had originated outside the State of Florida. Upon review of the facts of this case, it is evident that there are genuine issues of material fact in dispute which preclude the entry of summary judgment with regard to whether enterprise jurisdiction exists under the FLSA. Although Fed. R. Civ. P. 56(c)(1) allows a party to support its factual assertions with affidavits or declarations, the affidavit provided by Plaintiff here is insufficient to support a finding that the materials handled by Plaintiff traveled through interstate commerce, thus subjecting the Defendant corporations to enterprise coverage under the FLSA. In that regard, the summary judgment motion was denied.

## Conclusion

For the reasons stated in open court, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 57) is **Granted-in-part and Denied-in-**

**part**. Summary judgment is granted with respect to the following issues: Defendant Speed Services, Inc. and Defendant Speed Construction Services, Inc. were a joint enterprise under the FLSA; Defendant Speed Services, Inc. and Defendant Speed Construction Services, Inc. were Plaintiff's joint employer under the FLSA; Plaintiff was an employee and not an independent contractor; and Defendant John M. Hernandez was Plaintiff's employer under the FLSA. Summary judgment is denied with respect to whether the corporate Defendants were a covered enterprise under the FLSA.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 26 day of January 2015.

WILLIAM C. TURNOFF
United States Magistrate Judge

cc: Hon. Darrin P. Gayles
Counsel of record