**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 14-20716-CIV-TURNOFF**

| | |
|---|---|
| YOJAN CABRERA *and all others similarly situated under 29 U.S.C. 216(B)* | ) ) ) |
| Plaintiff | ) |
| vs. | ) ) |
| | ) |
| SPEED SERVICES, INC. | ) |
| SPEED CONSTRUCTION SERVICES, INC. | ) |
| JOHN M. HERNANDEZ | ) |
| | ) |
| Defendants | ) |
| _____ | ) |

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**

Plaintiff and Defendants, by and through their respective counsel, hereby submit their Proposed Jury Instructions. The Parties reserve the right to supplement or modify the Jury Instructions as the need arises during trial.

** PURSUANT TO THE COURT'S ORDER [D.E. 71], ANY PROPOSED INTRUCTIONS OR QUESTIONS PROPOSED ONLY BY THE PLAINTIFF TO WHICH THE DEFENDANTS OBJECT ARE *ITALICIZED*. ANY PROPOSED INSTRUCTIONS OR QUESTIONS PROPOSED ONLY BY THE DEFENDANTS TO WHICH THE PLAINTIFF OBJECTS ARE UNDERLINED**.

**PROPOSED JURY INSTRUCTION NO. 1**

**TO BE GIVEN AT THE BEGINNING OF THE CASE**

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

2

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

Plaintiff has filed a claim under the Fair Labor Standards Act (FLSA) for unpaid overtime. Defendants dispute Plaintiff's claim and contend that Plaintiff was properly paid his overtime

**<u>Burden of proof</u>**:

Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiff needs to make the scales tip to him. If Plaintiff fails to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

[On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.]

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to

5

this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Defendants, may ask the witness questions - this is called "cross-examining" the witness. Then Defendants will present [his/her/its] witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

AUTHORITY:        Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction
                  No. 1.1 (2013).

                                    GIVEN:
                                    GIVEN AS MODIFIED:
                                    WITHDRAWN:
                                    REFUSED:

<u>**PROPOSED INSTRUCTION NO. 2**</u>
**Official English Translation/Interpretation**

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know [language], you must accept the English [interpretation/translation] provided and disregard any different meaning.

AUTHORITY:      Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction No. 1.1 (2013).

                     GIVEN:
                     GIVEN AS MODIFIED:
                     WITHDRAWN:
                     REFUSED:

**Proposed Instruction NO. 3**
**CONSIDERATION OF THE EVIDENCE DUTY TO FOLLOW INSTRUCTIONS**
**(Corporate Party Involved)**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.2.2.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### TO BE GIVEN AT THE END OF THE CASE

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**PROPOSED INSTRUCTION NO. 4**
**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

11

**PROPOSED INSTRUCTION NO. 5**
**CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

                              GIVEN:
                              GIVEN AS MODIFIED:
                              WITHDRAWN:
                              REFUSED:

12

**PROPOSED JURY INSTRUCTION NO. 5**
**IMPEACHMENT OF WITNESSES**
**(Inconsistent Statement)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.5.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**PROPOSED JURY INSTRUCTION NO. 6**
**Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims -**
**Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the [Plaintiff] [party making that claim or contention].

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.1.

> GIVEN:
> GIVEN AS MODIFIED:
> WITHDRAWN:
> REFUSED:

**PROPOSED JURY INSTRUCTION NO. 7**

14

## FAIR LABOR STANDARDS ACT
### (29 USC Section 216)

In this case, Yojan Cabrera claims that Speed Services, Inc., Speed Construction Services, Inc., and John M. Hernandez did not pay Yojan Cabrera the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. Defendants Speed Services, Inc., Speed Construction Services, Inc., and John M. Hernandez deny that any money for alleged overtime violations is owed.

To succeed on his claim against Defendants, Plaintiff must prove that Defendants failed to pay Yojan Cabrera the overtime pay required by law.

 [In the verdict form that I will explain in a moment, you will be asked to answer questions about this factual issue.]

As to the Second Element: The second element listed above is also at issue in this case. Plaintiff contends that he worked overtime for which he was not properly compensated. The Defendants deny that the Plaintiff was not properly compensated for all of his hours worked. If you find that the Plaintiff has proved by a preponderance of the evidence that he worked overtime for which he was not properly compensated, you should find in favor of the Plaintiff. On the other hand, if you find that the Plaintiff has not proven by a preponderance of the evidence that he worked overtime for which he was not properly compensated, you must find for the Defendants. The Plaintiff must prove his overtime damages for each workweek at issue.

[**Overtime claim:** The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.]

15

[The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by [40/the total number of hours Plaintiffs' weekly salary was intended to compensate]. To calculate how much overtime pay was owed to Plaintiff for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. Defendants failed to pay Plaintiff the required overtime pay if they paid him less than that amount.]

The amount of damages is the difference between the amount Plaintiff should have been paid and the amount he was actually paid. Under the FLSA, the Plaintiff is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit on February 26, 2014 —unless you find that the employer either knew or showed reckless disregard for whether the FSLA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FSLA prohibited its conduct, then Plaintiff is entitled to recover lost wages from date of your verdict back to no more than three years before [he/she] filed this lawsuit.

**Inadequate Records:** The law requires an employer to keep records of how many hours [his/her/its] employees work and the amount they are paid. In this case, Plaintiff claims that Defendants failed to keep and maintain adequate records of his hours and pay. Plaintiff also claims that Defendants' failure to keep and maintain adequate records has made it difficult for Plaintiff to prove the exact amount of his claim.

If you find that Defendants failed to keep adequate time and pay records for Plaintiff and that Plaintiff performed work for which [he/she] should have been paid, Plaintiff may recover a reasonable estimation of the amount of [his/her] damages. But to recover this amount, Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extent

16

of the work for which he seeks pay as a matter of just and reasonable inference. <u>The Plaintiff must produce evidence definite enough to support a finding without resort to guesswork or conjecture.</u> In addition, Defendants may come forward with evidence of the precise amount of work performed or with evidence to negat[e] the reasonableness of the inference to be drawn from the employee's evidence.

29 U.S.C.A. § 207

*Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d 1374, 1378 (S.D. Fla. 2009).

*Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217 (11th Cir. 2010).

*Regidor v. Ascension Auto Service, Inc.*, 2009 WL 2766081 (M.D .Fla. ,2009)

*Galdames v. N & D Inv. Corp.*, 2008 WL 4372889 (S.D. Fla. 2008)

*George Lawley & Son Corp. v. South*, 140 F.2d 439 (1st Cir. 1944)

*Estes v. Pineland Farms, Inc.*, 2012 WL 113552 (D. Me. 2012)

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED).

**Note by Plaintiffs:**

Plaintiff objects to the following jury instruction: "The Plaintiff must produce evidence definite enough to support a finding without resort to guesswork or conjecture." This is a quote from *George Lawley & Son Corp. v. South*, 140 F.2d 439 (1st Cir. 1944). Also, the Court in *Estes v. Pineland Farms, Inc.*, 2012 WL 113552 (D. Me. 2012) stated, 'It seems to me that by the plain meaning of the words, a '[just and reasonable inference' must be based upon evidence rather than guesswork or speculation."

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

17

## PROPOSED JURY INSTRUCTION NO. 8

## RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA

Employees bringing suit for overtime wages under have the burden of proving that they performed work for which they were not properly compensated. *It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act. Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes, the employee has carried out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.* The Plaintiff must produce evidence definite enough to support a finding without resort to guesswork or conjecture. *The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.*

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

*Popov v. George & Sons Towing, Inc.*, 2012 WL 6934115 (M.D. Fla. 2012)

*George Lawley & Son Corp. v. South*, 140 F.2d 439 (1st Cir. 1944).

*Estes v. Pineland Farms, Inc.*, 2012 WL 113552 (D. Me. 2012).


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**<u>Plaintiff's Note</u>**

Plaintiff objects to the underlined portion above because it is mentioned in other portions of the instructions and is not appropriate in this section.

**Defendants' Note:**

Defendants object to Jury Instruction No. 8 because it is mentioned in Jury Instruction No. 7. To the extent that Defendants' objection is overruled, then the underlined portions above should be included regardless of whether they are mentioned elsewhere as the instructions Plaintiff desires are also mentioned elsewhere – specifically in Jury Instruction No. 7.

**<u>PROPOSED JURY INSTRUCTION NO. 9</u>**
**FURTHER RECORD KEEPING OBLIGATIONS OF EMPLOYER UNDER THE FLSA**

Every employer shall maintain and preserve payroll or other records with respect to each employee containing the time of day and day of week on which the employee's workweek begins including the starting time and length of each employee's work period.  Such records shall include the regular hourly rate of pay for any workweek in which overtime compensation is due and shall explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis.

The records must show the hours worked each workday and the total hours worked each workweek, and must set forth the total daily or weekly earnings or wages due for hours worked during the workday or workweek.

29 C.F.R. 516.2 (Modified).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 10
Calculation of Hourly Pay

"If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $182.70 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $182.70 divided by 35 hours, or $5.22 an hour, and when he works overtime he is entitled to receive $5.22 for each of the first 40 hours and $7.83 (one and one-half times $5.22) for each hour thereafter. If an employee is hired at a salary of $220.80 for a 40–hour week his regular rate is $5.52 an hour."

*Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268-69 (11th Cir. 2008).


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 11
### RIGHTS TO OVERTIME NON-WAIVABLE

An individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be *abridged by contract* or otherwise waived by the employee.


*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981)

*Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998)


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION 12
### (Rest Time and Meal Time)

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time. Breaks that are 20 minutes or longer that are not *bona fide* meal periods do not count as work time. In determining whether the Plaintiff worked more than 40 hours in any one week, you should exclude breaks that exceed 20 minutes in length and are not bona fide meal periods.

Under the Fair Labor Standards Act, *bona fide* meal periods are not compensable work time. A *bona fide* meal period is taken for the purposes of eating regular meals andordinarily lasts 30 minutes or more, but may not need to last 30 minutes. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as *bona fide* meal periods, the employee must be relieved from duty for the purposes of eating regular meals. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a *bona fide* meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a *bona fide* meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

29 C.F.R. § 785.18.

*Solis v. Cindy's Total Care, Inc.,* 2012 WL 28141 * 19 (S.D.N.Y. 2012).

29 C.F.R. § 785.18; *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011).


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:


Defendants' Notes:

Breaks above 20 minutes that are not Bona Fide meal periods are not compensable work time under the FLSA. *See Solis v. Cindy's Total Care, Inc.,* 2012 WL 28141 * 19 (S.D.N.Y. 2012)  & 29 C.F.R. § 785.18.

The inclusion of the phrase "for purposes of eating regular meals" is a quote from *Bates*.

<u>**PROPOSED JURY INSTRUCTION NO. 13**</u>

**"WORK" DEFINED**

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

*Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>PROPOSED JURY INSTRUCTION NO. 14</u>
### EMPLOYEE PERMITTED TO WORK

Permitting an employee to engage in an activity is considered "work" under the FLSA.

29 U.S.C. 203 (e)(1)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

26

<u>**PROPOSED JURY INSTRUCTION NO. 15**</u>
**"COMPENSABLE TIME" INCLUSIVE**

*"Compensable time" includes far more than the time that the employee spends engaged in active labor.*

*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

27

## <u>PROPOSED JURY INSTRUCTION NO. 16</u>

## <u>RECORD KEEPING REQUIREMENTS OF THE EMPLOYER</u>

(a) Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:

(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.)

(5) Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.

(b) Records of retroactive payment of wages. Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:

(1) Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.

(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.

29 CFR 516.2 (A) AND (B) MODIFIED AS TO (A)(4)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

29

**PROPOSED JURY INSTRUCTION NO. 17**

**"EMPLOYER" DEFINED BROADLY UNDER THE FLSA**

*Under the Fair Labor Standards Act, the term "Employer" is defined more broadly than the term would be interpreted in traditional common law application in order to meet the remedial purposes behind the Fair Labor Standards Act.*

*Falk v. Brennan,* 414 U.S. 190 (1973).
*McLaughlin v. Seafood, Inc.*, 867 F.2d 875 (5th Cir. 1989)
*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

                    GIVEN:
                    GIVEN AS MODIFIED:
                    WITHDRAWN:
                    REFUSED:

## PROPOSED INSTRUCTION NO. 18
### SEVERAL EMPLOYERS

Several employers may be liable for an employee's overtime wages under the Fair Labor

Standards Act.

*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

                                                    GIVEN:

                                                    GIVEN AS MODIFIED:

                                                    WITHDRAWN:

                                                    REFUSED:

## INSTRUCTION NO. 19
## DUTY TO DELIBERATE
## WHEN PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. The Plaintiff must prove that he actually worked overtime for which he was not paid. The Plaintiff must produce evidence definite enough to support a finding without resort to guesswork or conjecture. The Plaintiff must prove his damages for each workweek.  If you determine that the Plaintiff has not met his burden of proof, then you must find for the Defendants.  Additionally, if you do choose to award damages to Plaintiff, and find that any of the Defendants paid Plaintiff extra compensation, the extra compensation must be credited toward any overtime compensation due when calculating damages.

Extra compensation is compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee.

Extra compensation is also compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in non-overtime hours on other days.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full

consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 7.1.

*George Lawley & Son Corp. v. South*, 140 F.2d 439 (1st Cir. 1944).

*Estes v. Pineland Farms, Inc.*, 2012 WL 113552 (D. Me. 2012)

*Vancamper v. Rental World, Inc.,* 2011 WL 1230805 (M.D. Fla. 2011)

29 U.S.C.A. § 207

29 U.S.C. § 207(e)(5)-(7)

*McLeod v. Threlkeld,* 319 U.S. 491, 497 (1943); *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 571 (1943); *Marshall v. Whitehead*, 463 F. Supp. 1329, 1345 (M.D. Fla. 1978) (citing *Mitchell v. H. B. Zachry Co.*, 362 U.S. 310, 315 (1960)); 29 C.F.R. § 516.2(a)(7); 29 C.F.R. § 516.2(a)(1); 29 U.S.C. § 211(c); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Brock v. Norman's Country Market, Inc.*, 835 F.2d 823 (11th Cir. 1988); *Combs v. King*, 764 F.2d 818 (11th Cir. 1985); *Amcor, Inc. v. Brock*, 780 F.2d 897 (11th Cir. 1986); *Donovan v. Hamm's Drive Inn*, 661 F.2d 316 (5th Cir. 1981); *Olson v. Superior Pontiac-GMC, Inc.*, 776 F.2d 265, 267 (11th Cir. 1985); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470 (11th Cir. 1982); 29 C.F.R. § 778.109; 29 U.S.C. § 207(h)(2); 29 U.S.C. § 207(e)(5-7); *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 521 (N.D. Tex. 2005) (citing 29 U.S.C. § 207(a)(1)); 29 C.F.R. § 778.201(a); *Singer v. City of Waco*, 324 F.3d 813, 828 (5th Cir. 2003); *Howard v. City of Springfield*, 274 F.3d 1141, 1145 (7th Cir. 2001); *Alexander v. United States*, 32 F.3d 1571, 1575 (Fed. Cir. 1994); 29 C.F.R. § 778.202(a); *Kohlheim v. Glynn County*, 915 F.2d 1473, 1481 (11th Cir. 1990) (holding that employer was allowed to offset accrued overtime with all previously paid premiums regardless of the workweek). 29 U.S.C. § 203(m); 29 U.S.C. § 207(h); 29 U.S.C. § 207(e)(5-7).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 20
## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORM(S)

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 8.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

<u>**PLAINTIFF'S PROPOSED VERDICT FORM –**</u>

**Do you find from a preponderance of the evidence:**

**Overtime Wages**

1. That the Defendants failed to pay Plaintiff Yojan Cabrera overtime wages required by law for any of the workweeks that he was employed by the Defendants during the time period from *July 20, 2010* – January 24, 2014?

Yes _____      No _____

[<u>Note</u>: If your answer is Yes, you need to determine the dollar amount of his unpaid overtime wages in paragraph 5.]

<u>**Defendants' objection to Question 1**</u>: Defendants' object to question 3 because it improperly presumes that Defendants employed the Plaintiff during the time period from July 20, 2010 through January 24, 2014. Plaintiff must prove the time period(s), that he was employed by Defendants.

Further, while Defendants object to any specific dates being used in the questions, to the extent the Court is willing to include dates the July 20, 2010 date should not be used. Under the applicable statute of limitations periods, Plaintiff cannot recover damages prior to February 26, 2011 under any set of circumstances. As such, the July 20, 2010 date is irrelevant and should not be used.

In addition, Defendants object to question 3 because it does not clarify that Defendants would only be liable to the extent they failed to pay overtime wages in

a year in which they were covered by the FLSA. For example, to the extent Defendants did not have gross revenues of over $500,000 or have employees that regularly handled goods that moved in interstate commerce in a given year, Defendants would not be liable for overtime wages that year.

**Willful Or Reckless Disregard Conduct**

2. That the Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act's overtime wage and minimum wage requirements?

Yes _____        No _____

<u>**DAMAGES AS TO OVERTIME WAGES**</u>

3. That Plaintiff Yojan Cabrera should be awarded $_____ as to his damages for unpaid overtime wages under the Fair Labor Standards Act.

SO SAY WE ALL.

                    _____
                    JURY FOREPERSON


                    _____
                    DATE

36

## DEFENDANTS' PROPOSED VERDICT FORM

**Do you find from a preponderance of the evidence:**

1.     To the extent the FLSA applied to Defendants in a given year, considering 2011, 2012, 2013 and 2014, did Defendants fail to pay Plaintiff Yojan Cabrera overtime wages required by law in that year/those years?

Yes _____          No _____

Note: If your answer is No, you have found against the Plaintiff and for the Defendants. If your answer is yes, then you need to determine the dollar amount of the Plaintiff's unpaid overtime wages in Question 5.

2.  That the Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act's overtime wage and minimum wage requirements?

Yes _____          No _____

## DAMAGES AS TO OVERTIME WAGES

3.  That Plaintiff Yojan Cabrera should be awarded $_____ as to his damages for unpaid overtime wages under the Fair Labor Standards Act for the two (2) year period or the three (3) year period preceding the February 26, 2014 filing of this lawsuit.

[Note: If you answer to question 4 was "No", then you should calculate a two (2)

year period. If your answer to Question 4 was "Yes", then you should calculate a three (3) year period.]

SO SAY WE ALL.

_____
JURY FOREPERSON

_____
DATE